## Mattie Anderson, Administratrix, Appellee, v. Hiram Chittick, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Pulaski county; the Hon. BENJAMIN W. POPE, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed November 13, 1916.

### Statement of the Case.

Suit by Mattie Anderson, administratrix of the estate of Martha Tapley, deceased, complainant, against Hiram Chittick, defendant, to foreclose a mortgage. From a decree for complainant, defendant appeals.

C. S. MILLER, for appellant.

FRED HOOD, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1105*—*what are not grounds for dismissal of appeal.* An appeal will not be dismissed because it was permitted by a different judge than the one who rendered the decree.

2. MORTGAGES, § 263*—*what constitutes sufficient consideration for release of.* Where the purchaser of land under a warranty deed was

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

compelled to pay out money to perfect his title, *held* that such payments by him were sufficient consideration for a release of a mortgage given by him to secure part of the purchase money for said land.

3. MORTGAGES, § 270*—*what is effect of release on right of foreclosure.* Where a purchaser of land under a warranty deed gave a mortgage for part of the purchase money and was forced thereafter to pay out money to the extent of such mortgage in perfecting his title to the land, and obtained from the mortgagee a valid release of such mortgage, *held* such mortgagee. was not warranted in obtaining a foreclosure and sale to satisfy such mortgage.

4. APPEAL AND ERROR, § 913*—*what is effect of certificate of reporter that record contains all the evidence.* The certificate of a court reporter that the record contains all the evidence in the case is not sufficient to make the testimony of witnesses a part of the record, but when same is followed by a regular certificate and signature of the judge, the fact of such reporter's certificate does not destroy the validity of the judge's certificate.